1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  DION SCOTT BUCKELEW,
    Booking #19729940,

12

13                                    Plaintiff,

14            vs.

15  WILLIAM D. GORE, et al.,

16                                    Defendants.

|  |
|---|
| Case No.:  3:20-cv-00585-AJB-AHG |
| **ORDER:** |
| **(1)  GRANTING RENEWED MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 8]** |
| **AND** |
| **(2)  DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM AND FOR SEEKING DAMAGES FROM DEFENDANTS WHO ARE ABSOLUTELY IMMUNE PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

17
18
19
20
21
22
23
24

        Plaintiff Dion Scott Buckelew, detained at the San Diego County Jail ("SDCJ"), and

25  awaiting trial in San Diego Superior Court Criminal Case No. SCN400062, is proceeding

26  pro se in this civil rights action filed pursuant to 42 U.S.C. §§ 1983, 1985, 1986, 1989 and

27  "all relevant sections under fed. law." *See* Compl., ECF No. 1 at 1; Amend. Compl.

28  ("FAC"), ECF No. 5 at 1.

## I.     Procedural History

On May 11, 2020, the Court dismissed Plaintiff's case because he did not prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a) or file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), and because his Complaint, which named more than 60 individual San Diego Superior Court judges, Deputy Public Defenders, San Diego Sheriff's Department officials, a private hospital, and dozens of unidentified Defendants, failed to comply with Fed. R. Civ. P. 8(a). *See* ECF No. 4. However, the Court granted Plaintiff 45 days leave to fix these deficiencies, directed the Clerk of the Court to provide him with blank copies of both its approved form Civil Rights Complaint pursuant to 42 U.S.C. § 1983, as well as its form Motion to Proceed IFP, and cautioned that he must "include a certified copy of his prison trust account statements for the 6-month period preceding the filing of his Complaint" with his IFP Motion as required by 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b). *See* ECF No. 4 at 8–9.

On June 8, 2020, Plaintiff filed an Amended Complaint ("FAC") (ECF No. 5), together with a Motion to Proceed IFP (ECF No. 6). But because his IFP Motion still failed to comply with 28 U.S.C. § 1915(a)(2), the Court denied it, and gave him 30 additional days to submit a renewed and complete IFP application. *See* ECF No. 7. Plaintiff has since filed a renewed Motion to Proceed IFP, this time attaching the trust account documentation missing from his prior attempt. *See* ECF No. 8.

## II.     Renewed Motion to Proceed IFP

As Plaintiff now knows, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite failure

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of outcome. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, § 1915(a)(2) requires that all prisoners as defined by 28 U.S.C. § 1915(h) who "seek[] to bring a civil action ... without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85–86.

In support of his renewed IFP Motion, Plaintiff has now submitted a prison certificate certified by a San Diego County Sheriff's Department Detentions Lieutenant, together with a copy of his Inmate Trust Account Activity dated October 25, 2019 through June 17, 2020. *See* ECF No. 8 at 6–8; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff had $283.79 to his credit at

SDCJ at the time of filing, average monthly deposits of $442.70, and carried an average balance of $302.61in his account over the preceding six-months. *See* ECF No. 8 at 7–8.

Therefore, the Court GRANTS Plaintiff's Renewed Motion to Proceed IFP (ECF No. 8) and assesses his initial partial filing fee to be $88.54 pursuant to 28 U.S.C. § 1915(b)(1). However, the Court will direct the Facility Commander at SDCJ, or his or her designee, to collect this initial filing fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## III.   Screening pursuant to 28 U.S.C. § 1915(e)(2) & 1915A

### A.   Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion thereof, if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. And while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B.     Plaintiff's Amended Complaint

Plaintiff's Amended Complaint names two distinct groups of Defendants and appears to assert two separate sorts of claims.

First, Plaintiff challenges the constitutionality of the conditions under which he has been detained at the SDCJ "from 12-22-19 to date." *See* FAC at 1. Plaintiff seeks to hold Defendants Gore, Montgomery, Mendez, Buchanan, Hayes, Avalos, Tania, and an unnamed Chief of Internal Affairs liable with respect to those conditions. He claims broadly that these officials have failed to provide him with adequate medical care, rehabilitative programs, safe and sanitary conditions of confinement, religious services, and internal grievance or investigative procedures sufficient to address his concerns. *Id.* at 8-11, 13.

Second, Plaintiff claims several San Diego County Superior Court judges, his appointed public defenders, a pro per coordinator for the San Diego County Public Defender's Office of Assigned Counsel, and the Clerks of both the San Diego County

Superior Court and United States District Court have violated his rights to effective assistance of counsel and access to the courts, and have denied him a fair and speedy trial in San Diego Superior Court Criminal Case No. SCN400062, which remains pending.[2] *Id.* at 12.

Plaintiff seeks injunctive relief preventing acts of retaliation, "continue[d] … violations," and the destruction of evidence, as well as $50 million in general, punitive and "exemplary" damages. *Id.* at 15.

C.   Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015); *see also Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc) (noting the Court reaches the issue of defendants' § 1983 liability only if defendants acted under color of state law, and the conduct deprived plaintiff of a

---

[2] According to the San Diego County Sheriff's Department website, Plaintiff was first booked by the Escondido Police Department into custody on May 13, 2019, stands charged with multiple felony counts including attempted murder and assault with a firearm in San Diego County Superior Court Case No. SCN400062, and has yet to be tried or sentenced. *See* https://apps.sdsheriff.net/wij/wijDetail.aspx?Book_Num=MshkqkLp%2bA5Fx2usV1b96cbTb5U14%2bOKNIvBm6odiZs%3d#! (last visited Nov. 12, 2020). The Court may take judicial notice of public records available on online inmate locators. *See United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); *see also Foley v. Martz*, No. 3:18-cv-02001-CAB-AGS, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator); *Graham v. Los Angeles Cnty.*, No. 2:18-cv-01126-PA (GJS), 2018 WL 6137155, at *2 (C.D. Cal. May 4, 2018) (taking judicial notice pursuant to Federal Rule of Evidence 201 of information regarding the status of inmate via the Los Angeles County Sheriff's Department's website and its inmate locator function); *Turner v. Cnty. of San Diego*, No. 3:20-CV-00163-JAH-AHG, 2020 WL 905633, at *1 (S.D. Cal. Feb. 25, 2020) (taking judicial notice of detainee's public booking information available San Diego County Sheriff's Dept. website).

constitutional right).[3]

D.     Individual Liability – Conditions of Confinement at SDCJ

Generally, "liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Accordingly, "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant" in the deprivation alleged. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979)); *see also King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987) (noting that "state officials are not subject to suit under § 1983 unless they play an affirmative part in the alleged deprivation of constitutional rights"). "A plaintiff must allege facts, not simply conclusions, that show an individual was personally involved in the deprivation of his civil rights." *Barren*, 152 F.3d at 1194. A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff]

---

[3] Plaintiff also continues to cite 42 U.S.C. §§ 1985, 1986 and 1989 as alternative bases of liability, *see* FAC at 1, 3, but he fails to any allege facts whatsoever which might support a plausible claim to relief against any of the named Defendants under any of these statutes. *See Iqbal*, 556 U.S. at 678. Section 1985 prohibits conspiracies to interfere with certain civil rights. To state a claim under § 1985, a plaintiff must allege facts to support the allegation that defendants conspired together. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient. *Id.*; *see also Twombly*, 550 U.S. at 557 ("[A] conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality"). Section 1986 imposes liability on every person who knows of an impending violation of § 1985 but neglects or refuses to prevent the violation. *Karim-Panahi*, 839 F.2d at 626. A claim can be stated under § 1986 only if the complaint contains a valid claim under § 1985. *Id.* (citing *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985)). Finally, § 1989 discusses the appointment of United States Magistrate Judges. The plain language of this provision bears no connection to the allegations in Plaintiff's FAC, and plaintiff never explains how it could support any viable cause of action. *See Auman v. Kansas*, 2018 WL 587232, at *5 (D. Kan. Jan. 29, 2018) (dismissing prisoner's purported claims under § 1989 sua sponte pursuant to 28 U.S.C. § 1915(e)(2) without leave to amend).

complains].” *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Alternatively, liability also may be imposed under section 1983 if the defendant sets into “motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury.” *Gini v. Las Vegas Metro. Police Dep’t*, 40 F.3d 1041, 1044 (9th Cir. 1994) (quoting *Merritt v. Mackey*, 827 F.2d 1368, 1371 (9th Cir. 1987)). Section 1983, however, does not impose liability upon state officials for the acts of their subordinates under a respondent superior theory of liability. *Iqbal*, 556 U.S. at 677 (“Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.”); *Taylor*, 880 F.2d at 1045. Rather, a “supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to prevent them.” *Taylor*, 880 F.2d at 1045.

With respect to Plaintiff’s conditions of confinement claims arising at the SDCJ “from 12–22–19 to date,” and involving broad denials of his rights to effective pain medication, physical, occupational, and emotional therapies, exercise, law library access, confidential communications, religious services, a “clean and safe living environment,” “meals that meet mandated guidelines,” and an effective grievance procedure, *see* FAC at 1, 4, 8–11, Plaintiff’s allegations fail to allege personal involvement on behalf of any of the San Diego County Sheriff’s Department custodial and medical staff identified as parties.[4] *See, e.g., Conley v. Nielsen,* 706 Fed. App’x 890, 892 (9th Cir. 2017)) (affirming

---

[4] Plaintiff’s FAC, unlike his original Complaint, names only Sheriff Gore, Dr. Montgomery, San Diego Superior Court Judges Kirkland, Washington, and Elias, Deputy Public Defenders Valdovinos and Roberts, Pro Per Coordinator Braden, San Diego County Sheriff’s Department Chief of Food Services L. Mendez, Captains Buchanan and Hayes, an unidentified Chief of Internal Affairs, and the Clerks of San Diego Superior Court and the U.S. District Court for Southern District of California as Defendants. *See* FAC at 2–7. The Court considers all claims originally asserted in Plaintiff’s original pleading against any other previously named Defendant waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (“[A]n

sua sponte dismissal of claims raised against "all medical staff" at the County Jail because the plaintiff failed to identify any of the individuals involved and the "specific conduct attributable to them."); *Iqbal*, 556 U.S. at 678. Rather, his FAC simply identifies Defendants Gore, Montgomery, Mendez, Buchanan, Hayes, Avalos, Tania, and the Chief of Internal Affairs as the administrators, chiefs, supervisors, and managers at SDCJ who are "charged with" the responsibility to appropriately operate, train subordinates, and manage the facility. *Id.* at 2, 4, 6–7. But he fails to attribute any specific act of misconduct on any specific occasion to any individual Defendant and does not allege facts sufficient to plausibly show how any of their purported failings caused him constitutional injury. *See Iqbal*, 556 U.S. at 677.

Thus, insofar as Plaintiff's FAC simply mentions various instances during which he claims to have been subject to "unlawful conditions" without identifying the individuals responsible for those wrongs, he fails to state any plausible claims for relief under § 1983. *See* e.g., FAC at 8–11; *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming dismissal of complaint which failed to "say which wrongs were committed by which defendants"); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim."). Supervisory officials may only be held liable under § 1983 if Plaintiff alleges their "personal involvement in the constitutional deprivation, or ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). "[U]nadorned, the-defendant-unlawfully-harmed-me-accusation[s]," like the ones alleged in Plaintiff's FAC related to the conditions of his pretrial confinement

---

amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."); *Chubb v. Custom Ins. Co. v. Space Sys./Loral, Inc*., 710 F.3d 946, 973 n.14 (9th Cir. 2013) (failure to replead claims after dismissal with leave to amend amounts to waiver).

at the SDCJ over the course of almost a year, without more, are insufficient to provide Defendants with adequate notice of the claims against them, and must be dismissed. *See Iqbal*, 556 U.S. at 678 (noting that a pleading that simply "offers labels and conclusions.... will not do").

      E.   <u>Claims Related to On-Going Criminal Proceedings</u>

Plaintiff also claims Superior Court Judges Kirkland, Washington, and Elias, who are "charged with being [] fair and impartial part[ies]," *see* FAC at 2–3, have violated his rights to "due process, … effective assistance of counsel," and his "right to [a] fair and speedy trial." *Id.* at 12. Plaintiff claims these judges "violated [his] right to be heard in open court" by denying his requests to either substitute his appointed public defenders (Defendants Valdovinos and Roberts), or to permit him to proceed without counsel during sealed *Marsden* hearings.[5] *Id.* at 12. However, it is entirely unclear from his pleading whether Plaintiff remains represented by counsel in his ongoing criminal proceedings or whether he now represents himself, for he also claims the pro per coordinator for the San Diego County Public Defender's Office of Assigned Counsel, and the Clerks of both the Superior and U.S. District Courts have failed to provide him with the "necessary resources including, but not limited to, an investigator, expert witnesses, runner for court filings, etc." *Id.* at 6–7.

Either way, Plaintiff fails to state a claim upon which § 1983 relief can be granted, and he seeks damages from defendants who are absolutely immune. *See Watison*, 668 F.3d at 1112 (discussing 28 U.S.C. § 1915(e)(2)(B)(ii)); *Wilhelm,* 680 F.3d at 1121 (discussing § 1915A(b)(1)); *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016) ("The statute

---

[5] *People v. Marsden*, 2 Cal. 3d 118, 124-25 (1970) provides a criminal defendant in California the opportunity to explain his or her reasons for moving to substitute appointed counsel. *Hart v. Broomfield*, 2020 WL 4505792, at *55 (C.D. Cal. Aug. 5, 2020). The Sixth and Fourteenth Amendments guarantee a criminal defendant's right to reject court-appointed counsel and to conduct his or her own defense. *Faretta v. California*, 422 U.S. 806, 834–36 (1975).

governing IFP filings requires a court to dismiss an action 'at any time' if it determines that the complaint 'seeks monetary relief against a defendant who is [absolutely] immune from such relief.").

Judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under Section 1983. *Pierson v. Ray*, 386 U.S. 547, 553–55 (1967). "A judge will ... be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)). The scope of a judge's jurisdiction is determined by the two-part test articulated in *Stump*: whether the challenged act is "a function normally performed by a judge," and whether the parties "dealt with the judge in his judicial capacity." *Id.* at 362. In his FAC, Plaintiff faults Judges Kirkland and Washington for denying two *Marsden* motions based on claims that his appointed counsel (Defendants Valdovinos and Roberts) "ignored [him] for three months" and were "not working on [his] case." *See* FAC at 12. He further contends Judge Elias "refused to aid" by denying a petition for writ of habeas corpus concerning his "irreconcilable differences with counsel." *Id.* Ruling on his *Marsden* motions and denying his writ, however, are acts which fall squarely within the scope of Defendant Kirkland, Washington, and Elias's judicial authority. As such, these acts render them absolutely immune from liability under § 1983. *See e.g., Azevedo v. Colusa Cty. Jail*, 2017 WL 6622703, at *2 (E.D. Cal. Dec. 28, 2017) (sus sponte dismissing prisoner's § 1983 claims against judges based on allegedly erroneous *Marsden* hearings pursuant to 28 U.S.C. § 1915A); *see also Mainez v. Gore*, 2017 WL 4005269, at *5 (S.D. Cal. Sept. 11, 2017) (finding § 1983 claims for monetary damages against Superior Court Judge subject to sua sponte dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) & 1915A(b)).

To the extent Plaintiff seeks to sue Valdovinos and Roberts, his appointed public defenders, for failing to provide him "effective assistance of counsel," *see* FAC at 12, he also fails to state a claim upon which section 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "[A] public defender does not act under color of state law when

performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Garnier v. Clarke*, 332 Fed. App'x 416 (9th Cir. 2009) (affirming district court's *sua sponte* dismissal of prisoner's section 1983 claims against appointed counsel); *Schmidt v. Mize*, 2018 WL 2411750, at *3 (S.D. Cal. May 29, 2018) (*sua sponte* dismissing prisoner's § 1983 claims against public defender pursuant to 28 U.S.C. § 1915(e)(2)).

Finally, to the extent Plaintiff seeks to sue the Clerks of both this and the San Diego Superior Court for allegedly failing to provide him with "necessary forms" and "information to effectively prepare and present relevant petitions, claims, and complaints," *see* FAC at 6, which are tasks "integral part of the judicial process," these parties are also entitled to judicial and quasi-judicial immunity. *See Mullis v. United States Bankruptcy Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (citations omitted). Absolute immunity "is not reserved solely for judges but extends to nonjudicial officers for all claims relating to the exercise of judicial functions." *Burton v. Infinity Capital Management*, 753 F.3d 954, 959 (9th Cir. 2014) (citations and internal quotations omitted). "[C]ourt clerks are entitled to absolute immunity even in the absence of a judicial directive so long as the acts were not done 'in the clear absence of all jurisdiction.'" *Id.* at 961 (quoting *Mullis*, 828 F.2d at 1390). "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis*, 828 F.2d at 1390 (citations omitted); *see, e.g., Coulter v. Roddy*, 463 Fed. App'x 610, 611 (9th Cir. 2011) (court clerk immune for allegedly directing deputy clerks to refuse to file forms presented by a pro se litigant seeking dismissal of a civil action); *Essell v. Carter*, 450 Fed. App'x 691 (9th Cir. 2011) (court clerks immune for failing to respond to pro se plaintiff's letters and failing to file various motions and appeals); *Sedgwick v. United States*, 265 Fed. App'x 567, 568 (9th Cir. 2008) (United States Supreme Court clerk immune for refusing to file plaintiff's petition for writ of certiorari); *Shatford v. Los Angeles County Sheriff's Dep't*, 2016 WL 1579379, at *10 (C.D. Cal. Mar. 29, 2016), *adopted*, 2016 WL 1573422 (Apr. 19, 2016) ("Procedures for calendaring appearances

1  before a judicial officer and deciding whether or not to file documents on the court's docket

2  are an integral part of the judicial process, even if those tasks are considered administrative

3  or ministerial."); *Maldonado v. Superior Court*, 2013 WL 635951, at *3 (E.D. Cal. Feb.

4  20, 2013) (clerk immune for failing to take action on plaintiff's complaints and habeas

5  corpus petition); *Armstrong v. Scribner*, 2008 WL 268974, at *19 (S.D. Cal. Jan. 30, 2008)

6  (clerk immune for failing to file documents plaintiff submitted to the court).

7      Thus, because Plaintiff's Amended Complaint either fails to state a claim against

8  any of the named Defendants and seeks damages against defendants who are absolutely

9  immune, it is subject to sua sponte dismissal in its entirety. *See* 28 U.S.C.

10  § 1915(e)(2)(B)(i), (ii); 28 U.S.C. § 1915A(b)(1), (2); *Watison*, 668 F.3d at 1112; *Wilhelm*,

11  680 F.3d at 1121; *see also Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016) (noting

12  § 1915(e)(2)(b)(iii) requires sua sponte dismissal of complaints seeking "monetary relief

13  against a defendant who is immune from such relief," and noting its "appli[cation] to

14  absolute immunity.").

15      F.   <u>Leave to Amend</u>

16      Because Plaintiff has already been provided a short and plain statement of his

17  pleading deficiencies, as well as an opportunity to amend those claims to no avail, the Court

18  finds that granting further leave to amend would be futile.[6] *See Gonzalez v. Planned*

19

20  _____

21  [6] To the extent Plaintiff's Amended Complaint partially seeks to challenge the

22  constitutional validity of his ongoing criminal proceedings in San Diego Superior Court
    Criminal Case No. SCN400062, amendment would also be futile due to this Court's duty

23  to abstain. Federal courts may not interfere with ongoing state criminal, quasi-criminal
    enforcement actions, or in civil "cases involving a state's interest in enforcing the orders

24  and judgments of its courts," absent extraordinary circumstances. *See Younger v. Harris*,

25  401 U.S. 37, 43-54 (1971); *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013);
    *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018), *cert. denied* (U.S. Oct. 1, 2018)

26  (No. 17-1487); *see also Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state

27  criminal prosecution has begun, the *Younger* rule directly bars a declaratory judgment
    action" as well as a section 1983 action for declaratory relief and damages "where such an

28  action would have a substantially disruptive effect upon ongoing state criminal

*Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## IV. Conclusion and Order

Accordingly, the Court:

1.    **GRANTS** Plaintiff's Renewed Motion to Proceed IFP (ECF No. 8) pursuant to 28 U.S.C. § 1915(a).

2.    **DIRECTS** the Facility Commander of SDCJ, or his designee, to collect from Plaintiff's trust account the $88.54 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Facility Commander, San Diego Central Jail, 1173 Front St., San Diego, California, 92101.

4.    **DISMISSES** this civil action without leave to amend for failure to state a claim and for seeking damages against defendants who are absolutely immune pursuant to 28 U.S.C. § 1915(e)(2)(B)(2) and § 1915A(b).

5.    **CERTIFIES** that an IFP appeal from this Order would not be taken in good

---

proceedings."); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (*Younger* abstention applies to actions for damages as it does to declaratory and injunctive relief).

faith pursuant to 28 U.S.C. § 1915(a)(3); and

6.    **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated:  November 23, 2020

Hon. Anthony J. Battaglia
United States District Judge